IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PASON MADRID, an individual<br><br>      Plaintiff,<br><br>v.<br><br>KROGER CO., an Ohio corporation, JOHN DOES 1-3,<br><br>      Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:14-cv-00004-TC-DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

### I.     INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Dkt. 21.)  Plaintiff brings this diversity action to recover for personal injuries he sustained allegedly while performing repair work on Defendant Kroger's refrigeration system at its Layton, Utah facility. The matter is presently before the Court on Plaintiff's motion for a protective order. (Dkt. 25.)

### II.    ANALYSIS

After reviewing the parties' pleadings, the Court finds that Plaintiff's motion for a protective order is premature.[1]  Under Rule 35, the Court has discretion to order an exam only "on motion for good cause . . . ." Fed. R. Civ. P. 35(a)(2); *see Schlagenhauf v. Holder*, 379 U.S. 104 (1964). Given that no order has been sought, let alone entered, there is nothing from which the Court can presently protect Plaintiff.

---

[1] Plaintiff conceded that another issue raised in the motion was mooted by the time Plaintiff filed his reply. (*See* Dkt. 27 at 1–2.)

Ordinarily, the Court might construe the briefing as a defense motion for a Rule 35 exam, but it declines to do so here because the parties' briefing is insufficient to allow for meaningful analysis of the issues. Plaintiff offers its conclusion that "[c]learly, a specialist retained to opine on Plaintiff's vocational abilities does not fall within Rule 35."[2] (Dkt. 27 at 2.) Plaintiff also suggests that such specialists are biased. (Dkt. 25 at 4.) Plaintiff does not; however, offer any legal authority or reasoning that might explain how he reached these conclusions.[3]

Defendant's briefing likewise contains sparse analysis of the issues. The only justification Defendant asserts for the examination is that Plaintiff is meeting with his own vocational rehabilitation expert, so he should also have to meet with Defendant's. (Dkt. 26 at 3.) While the Court appreciates brevity, it will not undertake the parties' roles as advocates.

### III. ORDERS

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to for protective order because all matters discussed therein are either moot or premature. (Dkt. 25.)

Dated this 31st day of March, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] The Court notes that the question of whether a party can be compelled to attend a Rule 35 exam conducted by a vocational rehabilitation expert has been addressed by other courts and those courts have not reached identical results. *Compare Storms v. Lowe's Home Centers, Inc.*, 211 F.R.D. 296, 298 (W.D. Va. 2002), *with Schaeffer v. Sequoyah Trading & Transp.*, 273 F.R.D. 662, 663 (D. Kan. 2011) *and Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 201 (E.D. Tex. 1996). Thus, the answer here appears to be less clear than Plaintiff suggests.

[3] The Court also denies the motion for a protective order because it does not find that this terse statement constitutes the good cause required for a protective order.